UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| JAMES L. SKAGGS | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:07-CV-288 |
| | ) | *Greer/Inman* |
| DEBORAH BRADLEY, Case Mgr.; LINDA GREER, Worker; HEATHER ROGERS, Worker; ALEX VAN BUREN; ERIN D. MCARDLE; SCOTTY PERRIN; GOVERNOR PHIL BREDESEN; GEORGE JAYNES; and MAYOR ROE | ) ) ) ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff James L. Skaggs has filed a *pro se* civil rights action under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Plaintiff's motion is **GRANTED**. [Doc. 1]. The allegations in plaintiff's complaint center on state court legal proceedings involving termination of plaintiff's parental rights. These proceedings took place while plaintiff was confined in the DeBerry Special Needs Facility, suffering serious physical and/or mental problems. Plaintiff maintains that he had no knowledge of the mother's whereabouts in April of 2005, when, apparently, the legal proceedings occurred, but that the results of a DNA test proved that he was the father of the child in question. The social workers and his own attorney told him, so plaintiff claims, that he had to give up his son, that he would never see him again, and that his son would know nothing of his father or his paternal relatives.

Plaintiff has named many of the individuals involved in those proceedings as defendants in this lawsuit. Among those persons are: Case Manager Deborah Bradley, Linda

Greer, and Heather Rogers—all employees of the Tennessee Department of Children's Services; Erin D. McArdle, an attorney representing the State of Tennessee; and Scotty Perrin, the appointed guardian ad litem. Also named as a defendant is Alex Van Buren, plaintiff's attorney. According to plaintiff, Attorney Van Buren failed to protect his constitutional rights, though he [plaintiff] was then taking and still is taking some fifteen different medications and having suicidal ideation. (Plaintiff claims that he is a paranoid schizophrenic and has a history of serious depression.) Others named as defendants are Tennessee Governor Phil Bredesen, George Jaynes, and Mayor Roe, then Johnson City Mayor, now Congressman of this district.

Broadly construing these *pro se* allegations, as is required, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), (a pro se litigant's filings are held "to less stringent standards than formal pleadings drafted by lawyers"), the Court infers that plaintiff is claiming that he was incompetent to participate in those proceedings and that he was misadvised or misrepresented by his attorney. For these alleged constitutional misdeeds and the pain and suffering they have caused him, plaintiff seeks compensatory damages in the amount of one million dollars ($1,000,000.) from each defendant.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If so, the complaint or any claims found to fit the above

description, must be dismissed. The Court has determined that, based upon the following law and analysis, the plaintiff has failed to state a claim against the defendants.

First of all, plaintiff has made no allegations whatsoever against Governor Bredesen, defendant Jaynes, or former Mayor Roe. Without some indication of wrongful conduct on the part of these defendants, plaintiff has failed to state a claim against them.

Secondly, any challenges to the outcome of Tennessee legal proceedings to terminate plaintiff's parental rights would have had to have been raised in the Tennessee courts. Tennessee law provides a method to challenge the state court's decision either through a motion for new trial and/or a motion for an alteration or amendment of judgment under Rule 59 of the Tennessee Rules of Civil Procedure. In addition, Rule 3 of the Tennessee Rules of Appellate Procedure provides for an appeal of civil actions. At any rate, "[a] federal court is not the proper forum for child custody proceedings, especially where State remedies are available." *Castorr v. Brundage*, 674 F.2d 531, 535 (6th Cir. 1982). And furthermore, whether plaintiff was incompetent, as he claims to have been, and whether a state's statutory time limits for such filings can be tolled for incompetence on the part of a plaintiff is a matter for the state courts to decide.

Third, plaintiff's claim for damages cannot proceed under the doctrine announced in *District of Columbia v. Feldman*, 460 U.S. 462 (1983), which held that a district court lacks jurisdiction to review, modify, or reverse a judicial determination made by a state court, even if that determination is challenged as unconstitutional. *Id.* at 483 n.16. As explained recently by the Supreme Court, "[t]he *Rooker-Feldman* doctrine, we hold today, is confined to cases

of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Plaintiff's complaint falls within the scope of this doctrine because he claims entitlement to relief based on "the emotional stress and personal damage that was caused to [him] and his child by terminating [his] rights as a parent. . . ." (Compl. at ¶ 5). *See Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) ("[T]he pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment . . . .") (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).

Fourth, the termination proceedings, according to plaintiff, occurred on April 26, 2005. (Compl. at ¶ 5). Actions filed under § 1983 are subject to a state's statute of limitations governing actions for personal injuries. *See Wilson v. Garcia,* 471 U.S. 261, 268-79 (1985). Tennessee's limitations period for personal injury actions is one year. *See Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir.1986). Therefore, because this lawsuit was filed on December 6, 2007, and because it would have had to be filed on or before April 26, 2006, to be timely, it most likely is time-barred.

Fifth, to state a viable § 1983 claim, a plaintiff must allege: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978). The second element is missing

4

from plaintiff's claims against his attorney, Alex Van Buren, because defendant Van Buren, a private attorney, was not acting under color of state law when he represented plaintiff. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1981). While private actors may be liable under § 1983, if they conspire with a state actor to violate civil rights, *Id.* at 941, the complaint contains no allegations of this nature. Therefore, at this time, these particular allegations fail to state a claim which would entitle plaintiff to relief under § 1983 and are also frivolous under 28 U.S.C. § 1915(e)(2).

Sixth, with certain exceptions not relevant here, the Eleventh Amendment of the Federal Constitution[1] bars an action for damages in a federal court against a State, a state agency, or any of its employees in their official capacities, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. *See, e.g., Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). All defendants save three (Attorney Van Buren, Mr. Jaynes, Mayor Roe) or, perhaps, four (Scotty Perrin, the court-appointed guardian ad litem) are employees of the State of Tennessee or of one of its agencies.

Congress has not abrogated Eleventh Amendment immunity, *Quern v. Jordan*, 440

---

[1] The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

U.S. 332 (1979), and the State of Tennessee has not waived its right to sovereign immunity. *See Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980). *See also* Tenn. Code Ann. § 20-13-102(a). Since the defendants in their official capacities are entitled to immunity from damages, the Court lacks subject matter jurisdiction over all such claims. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (observing that a court "may *sua sponte* raise the issue of lack of jurisdiction because of the applicability of the [E]leventh [A]mendment").

For the aforementioned reasons, none of plaintiff's allegations state a claim entitling him to relief under § 1983. 28 U.S.C. § 1915(e)(2). This lawsuit will be dismissed accordingly.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE